# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:18-CV-123-KDB-DCK

| | |
|---|---|
| JULIE WAGNER,<br><br>      **Plaintiff,**<br><br>  v.<br><br>TREVOR ASHLINE and<br>SIMPSON PERFORMANCE<br>PRODUCTS, INC.,<br><br>      **Defendants**. | |

## CONSENT PROTECTIVE ORDER

Pursuant to the Federal Rules of Civil Procedure, Rule 26(c), and by agreement of undersigned counsel, it appears that the discovery process in this action involves the production of information that constitutes trade secrets, confidential business information, or other proprietary information, and that good cause exists for the entry of an Order limiting disclosure of such information;

Therefore, it is ORDERED that:

1.     **Scope.** All documents, information (including electronically stored information ("ESI")), communications, and data produced in the course of discovery, all responses to discovery requests, including but not limited to interrogatory answers, and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (collectively "Documents") shall be subject to this Order concerning confidential information as set forth below. The provisions of this Order will govern production of all Documents by any party to this case or any third party (collectively referred to as "Party" or "Parties").

2. **Documents Which May be Designated Confidential.** Any Party that produces Documents in connection with this action may designate Documents as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY in accordance with the definitions and procedures below:

    a. The "CONFIDENTIAL" designation means that the Document contains information protected from disclosure by statute, sensitive personal information, sensitive business information, proprietary business information, trade secrets, or confidential research and development or other commercial information, or other information required by law or agreement to be kept confidential. Information or documents which are available in the public sector do not qualify as confidential.

    b. The "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" designation means that the Document satisfies the definition for the "CONFIDENTIAL" designation above and also contains information that the designating Party has a reasonable and good faith basis to withhold from the other Party or Parties and employees thereof.

    c. Any document produced before issuance of this Order with the designation CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY shall receive the same treatment under and as if designated pursuant to this Order.

3. **Form and Timing of Designation.**

    a. <u>Documents Produced in PDF or Image Format.</u> Confidential Documents produced in PDF or image format shall be so designated by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" on each page as to which confidentiality is claimed, and in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" or

"CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" designation. Documents produced in PDF or image format shall be designated CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the Documents. Inadvertent or unintentional production of Documents produced in PDF or image format without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate Documents as confidential as otherwise allowed by this Order. Notwithstanding paragraph 12 below, the Parties will meet and confer in good faith to resolve challenges to such designations.

      b.     <u>Confidential Documents Produced in Native Format.</u> Each confidential Document produced in native format shall include a PDF or TIFF slip sheet with the Bates number of the Document and stating that the Document is being produced in native format. The slip sheet shall also state whether the Document has been designated as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

4.    **Depositions.** Portions of depositions and deposition exhibits not previously made available to all Parties shall be deemed CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY if designated as such when the deposition is taken or within fourteen (14) business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected. Until the expiration of the 14-business day period, the entire deposition will be treated as CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

5.    **Documents Obtained from Third Parties in Response to Subpoena.** Documents obtained by a Party in response to a third party subpoena served in this action shall be provided by the Party receiving such documents to all other Parties within thirty (30) days of receipt from the third party. During such thirty (30) day period, the Party who received the third

party documents may designate such documents CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY as believed necessary to protect its own confidential information in the third party documents. A Party receiving such third party documents from another Party to this action shall have fourteen (14) business days to designate such documents CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY as believed necessary to protect its own confidential information in the third party documents. The Parties shall reasonably cooperate with regard to an extension of the 14-business day period in the event the number of third party documents produced is substantial. From the time the third party documents are received by the Party requesting them from such third party to the expiration of the 14-business day period (or longer if extended), all the documents received from the third party shall be treated as CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

  6. **Protection of CONFIDENTIAL Material.**

    a. <u>General Protections.</u> Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties or counsel for the Parties or used by any other persons identified below in ¶ 6.b. for any purposes whatsoever other than preparing for and conducting the litigation in which the Documents were disclosed (including any appeal of that litigation).

    b. <u>Limited Disclosures of CONFIDENTIAL Material.</u> The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated CONFIDENTIAL under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)-(8) below, and then, except as to persons identified in subparagraphs (1), (2), (3), (6), and (7) below, only after the person to whom disclosure is to be made has executed an acknowledgment (in the form set forth at Attachment A hereto) ("Acknowledgement"), that

he or she has read and understands the terms of this Order and is bound by it. Persons identified in subparagraphs (1), (2), (3), (6), and (7) below may receive disclosure of CONFIDENTIAL material without signing an Acknowledgement. Subject to these requirements, the following categories of persons may be allowed to review Documents which have been designated CONFIDENTIAL pursuant to this Order:

(1) counsel for the Parties who have responsibility for the preparation and/or trial of the lawsuit and employees of counsel for the Parties who directly assist such counsel with the provision of legal services;

(2) A Party (if the Party is an individual) or employees of a Party to this Order where the employee is engaged in assisting that Party's counsel in the conduct of the litigation in which the information is disclosed;

(3) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(4) consultants, investigators, or experts (hereinafter referred to collectively as "Experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of the lawsuit;

(5) witnesses or deponents and their counsel for purposes of preparing for and/or taking depositions or testimony who, on the face of the material, do not appear to have authored or received the material;

(6) witnesses or deponents in this action who, on the face of the material, appear to have authored or received the material and their counsel for purposes of preparing for depositions or testimony;

(7) the Court (and any appellate court), persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing or trial in this action or any appeal therefrom;

(8) outside providers of document and ESI processing, hosting, review, production, imaging, and coding services, to the extent reasonably necessary to prepare for this litigation and trial, including e-Discovery consultants and trial consultants; and

(9) other persons only upon consent of the producing Party or upon order of the Court and on such conditions as are agreed to or ordered.

**7.  Protection of CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Material.**

a. <u>General Protections.</u> Documents designated CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the Parties or counsel for the Parties or used by any other persons identified below in ¶ 7.b. for any purposes whatsoever other than preparing for and conducting the litigation in which the Documents were disclosed (including any appeal of that litigation).

b. <u>Limited Disclosures of CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY MATERIAL</u>

The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Documents designated CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Order to any other person or entity except as set forth in subparagraphs (1)–(7) below, and then, except as to persons identified in subparagraphs (1), (2), (4), and (5) below, only after the person to whom disclosure is to be made has executed an Acknowledgement that he or she has read and understands the terms of this Order and is bound by it.  Persons identified

in subparagraphs (1), (2), (4), and (5) below may receive disclosure of CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY material without signing an Acknowledgement. Subject to these requirements, the following categories of persons may be allowed to review Documents which have been designated CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY pursuant to this Order:

(1) counsel for the Parties who have responsibility for the preparation and/or trial of the lawsuit and employees of counsel for the Parties who directly assist such counsel with the provision of legal services;

(2) court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(3) independent experts or consultants who are not affiliated with any Party to the above-captioned litigation, who do not have any interest in the litigation, and who are retained by an attorney of record in this lawsuit for the purpose of consulting and/or testifying in this lawsuit (hereinafter "Independent Experts or Consultants" or "Independent Expert or Consultant");

(4) witnesses or deponents in this action who, on the face of the material, appear to have authored or received the material and their counsel for purposes of preparing for depositions or testimony;

(5) the Court (and any appellate court), persons employed by the Court, and court reporters transcribing the testimony or argument at a hearing or trial in this action or any appeal therefrom;

(6) outside providers of document and ESI processing, hosting, review, production, imaging, and coding services, to the extent reasonably necessary to

prepare for this litigation and trial, including e-Discovery consultants and trial consultants; and

(7) other persons only upon consent of the producing Party or upon order of the Court and on such conditions as are agreed to or ordered.

c. <u>Identification of Independent Experts or Consultants to Whom CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY MATERIAL is to be Disclosed.</u>

Before disclosing any sensitive information which has been designated "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" to Independent Experts or Consultants, the Party seeking to disclose such material shall provide the other Parties with: (1) the name of the person; (2) the present employer and title of the person; (3) an up-to-date curriculum vitae of the person; (4) an identification of any work performed for or on behalf of the Party seeking to disclose by that person during the one (1) year period before the filing of the above-captioned action; and (5) a signed copy of the Acknowledgement. The proposed Independent Experts or Consultants also shall certify in writing that he or she is not currently, and has not since August 24, 2015, been, an employee, officer, or director of any Party (including parent and subsidiary companies) and does not have a direct financial interest in the outcome of this litigation. Within ten (10) business days of mailing (via overnight delivery) or emailing of this information, the other Parties may object to the proposed Independent Experts or Consultants on a reasonable basis.

(1) If objection to disclosure is made within the time required, the Parties shall meet and confer within five (5) business days of such objection and, if not resolved, the disclosing Party shall move for a protective order precluding the

disclosure of the information to the designated Independent Experts or Consultants within seven (7) business days after they meet and confer.

(2) Where objection is made, no such information shall be disclosed to the Independent Experts or Consultants until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Court's order denying the disclosing Party's motion for protection (where a protective order is sought).

(3) Failure to object to Independent Experts or Consultants shall not preclude the disclosing Party from later objecting to continued access by an Independent Expert or Consultant for good cause. If such a later objection is made, the Parties shall meet and confer within five (5) business days and, if the Parties cannot resolve the dispute, the disclosing Party shall move for a protective order precluding the disclosure of the information to the designated Independent Expert or Consultant within seven (7) business days after they meet and confer. The designated Independent Expert or Consultant may continue to have access to the information unless otherwise ordered by the court.

8. **Control of Documents.** Counsel for the Parties shall take reasonable efforts to prevent unauthorized disclosure of Documents designated as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY pursuant to the terms of this Order. Counsel shall maintain copies or originals of the forms signed by those persons acknowledging their obligations under this Order.

9. **Copies.** Except as to internal work product prepared by counsel during the course of the litigation, all copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "Copies"), of documents designated as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY under this Order or any portion of such a Document, shall be immediately affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY" if the words do not already appear on the Copy. All such Copies shall be afforded the full protection of this Order.

10. **Filing of Confidential Materials.** In the event a Party seeks to file any material that is subject to protection under this Order with the court, that Party shall take appropriate action to ensure that the Documents receive proper protection from public disclosure including:

(1) filing a redacted Document with the consent of the Party who designated the document as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY; (2) where appropriate (*e.g.*, in relation to discovery and evidentiary motions), submitting the Documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the Document under seal pursuant to the procedural steps set forth in Local Civil Rule 6.1, WDNC, or such other rule or procedure as may apply in the relevant jurisdiction. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the document to the court shall first consult with counsel for the Party who designated the document as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY to determine if some measure less restrictive than filing the Document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any Document be filed under seal. The Parties

understand that Documents may be filed under seal only with the permission of the court after proper motion pursuant to Local Civil Rule 6.1.

11. **Protection of Third Party Confidential Information.** If a Party wishes, or is requested, to disclose (in response to a document production request from an opposing Party or otherwise) confidential information of any third party that is protected from disclosure by a confidentiality or non-disclosure agreement between the disclosing Party and the third party ("Third Party Confidential Information") and the disclosing Party reasonably believes that such disclosure would be a breach of the confidentiality or non-disclosure agreement and that notice to such third party is advisable, the disclosing Party shall, before the date by which it intends or is requested to disclose the Third Party Confidential Information, or by such other date ordered by the Court, provide the affected third party a copy of this Order together with written notice, via overnight mail with a copy by email to all Parties: (a) of the disclosing Party's intention to disclose including a description of the Third Party Confidential Information sufficient to identify (without disclosing) the Third Party Confidential Information to be disclosed, (b) of the CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation the disclosing Party intends to assign to the Third Party Confidential Information to be disclosed; and, (c) written notice that Third Party Confidential Information will be disclosed pursuant to this Order unless the third party provides written notice of its objection, and reasons for its objection, to the disclosing Party within fourteen (14) days of its receipt of the written notice from the disclosing Party. The disclosing Party shall provide the requesting Party a copy of the objection within three (3) business days of the disclosing Party's receipt of any objection. If the third party or disclosing Party fails to seek a protective order from this Court within twenty-one (21) days of receiving the notice and accompanying information, the disclosing Party may

produce the Third Party Confidential Information. If the third party timely seeks a protective order, the disclosing Party shall not produce any of the third party's Third Party Confidential Information in its possession or control before a determination by the Court or agreement by the third party.

12. **Greater Protection of Specific Documents.** No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the Party moves for an Order providing such special protection. Nothing contained herein shall preclude any Party from asserting any valid objection to the production of documents or item of information in this litigation, or withholding such document or item of information, pursuant to the applicable law, court rule or other order of this Court.

13. **Challenges to Designation.** Any CONFIDENTIAL or CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation remains with the Party asserting confidentiality.

    b. A Party who contends in good faith that a CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation is inappropriate shall give written notice to the Party who affixed the designation of the specific basis for the challenge. The Party who so designated the Documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention. If the dispute cannot be resolved without judicial intervention, the Party who designated the Documents shall have five (5) days after the expiration of the fifteen-day period to move for an

Order confirming the CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation.

  c. Notwithstanding any challenge to the designation of Documents as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, all material previously designated CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY shall continue to be treated as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE ATTORNEYS' EYES ONLY subject to the full protections of this Order until one of the following occurs:

    (1) the Party who claims that the Documents are CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY withdraws such designation in writing;

    (2) the Party who claims that the Documents are CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY fails to move timely for an Order designating the Documents as confidential as set forth in paragraph 13.b. above; or

    (3) the court rules that the Documents should no longer be designated as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY.

  d. Challenges to the CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY designation may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

14. **Treatment on Conclusion of Litigation.**

    a. **Final Order of the Court.** The ultimate disposition of Documents designated pursuant to this Order remains subject to a final order of the Court on the completion of the litigation. This Court shall retain jurisdiction over all persons subject to this Order solely for the purpose of enforcing the provisions of this Order.

    b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all Documents treated as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY under this Order, including copies as defined above (¶ 9) shall be returned to the producing Party unless: (1) the Document has been entered as evidence or filed; (2) the Parties stipulate to destruction in lieu of return; or (3) as to Documents containing the notations, summations, or other mental impressions of the receiving Party, that Party elects destruction. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY so long as that work product does not duplicate verbatim substantial portions of the text of CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Documents. This work product continues to be CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY under the terms of this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY Documents.

15. **Production of Privileged or Otherwise Protected Documents or Materials.**

   a. The production of privileged or work-product protected Documents or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Upon receiving notice from the producing Party that such privileged or work-product protected Documents or information have been produced, the receiving Party shall promptly return all copies of the identified Documents or information to the producing Party or, at the election of the producing Party, shall destroy all copies of the identified Documents or information.

16. **Order Subject to Modification.** This Order shall be subject to modification on motion of any Party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the Parties shall have been given notice and an opportunity to be heard on the proposed modification.

17. **No Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific Document or item of information designated as CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made. Further, nothing contained herein shall be considered a determination that any particular Document or category of Documents is relevant or should be produced in this litigation.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel who signed below and their respective law firms; (2) their respective clients; and (3) all others addressed herein.

**SO ORDERED**.

Signed: March 20, 2020

David C. Keesler
United States Magistrate Judge

Respectfully Submitted,


By: s/ J. Kevin Grogan
J. Kevin Grogan, Esq. (ct00331) (Pro Hac Vice)
Jeffrey E. Schiller, Esq. (3124442) (Pro Hac Vice)
Grogan, Tuccillo & Vanderleeden, LLP
1350 Main Street, Suite 508
Springfield, MA 01103
Tel. (413) 736-5401
Fax (413) 733-4543
Email: wagnerlit@gtv-ip.com

Douglas E. Kingsbery, Esq. NC Bar 9307
Tharrington Smith, LLP
150 Fayetteville Street, Suite 1800
Post Office Box 11515
Raleigh, NC 27602-1151
Tel. (919) 821-4711
Fax (919) 829-1583
Email: dek@tharringtonsmith.com

*Attorneys for Plaintiff*

By: s/ Craig N. Killen
Craig N. Killen
N.C. State Bar No. 43980
Lauren G. Hunstad
N.C. State Bar No. 52210

NELSON MULLINS RILEY
& SCARBOROUGH LLP
301 S. College Street, 23rd Floor
Charlotte, North Carolina 28202
Telephone: (704) 417-3127
Facsimile: (704) 377-4814
Email: craig.killen@nelsonmullins.com
Email: lauren.hunstad@nelsonmullins.com

*Attorneys for Defendants*

**ATTACHMENT A**

**ACKNOWLEDGMENT OF UNDERSTANDING
AND
AGREEMENT TO BE BOUND**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| JULIE WAGNER,<br><br>    Plaintiff,<br><br>  v.<br><br>TREVOR ASHLINE and<br>SIMPSON PERFORMANCE<br>PRODUCTS, INC.,<br><br>    Defendants. | Civil Action No.<br>5:18-cv-123-KDB-DCK<br><br>ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND |

    The undersigned hereby acknowledges that he or she has read the Consent Protective Order dated [protective order date], in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Western District of North Carolina in matters relating to the Consent Protective Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

    The undersigned acknowledges that violation of the Consent Protective Order may result in penalties for contempt of court.

    Name:    [undersigned name [att A]]

    Job Title:    [Job Title [att A]]

    Employer:    [Employer [att A]]

    Business Address:    [Business Address [att A]]

Date:  [date attachment A signed]        [Signature [attachment A]]
                                                                    Signature