IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00123-KDB-DCK

| | |
|---|---|
| JULIE WAGNER,<br><br>      **Plaintiff,**<br><br>v.<br><br>SIMPSON PERFORMANCE PRODUCTS, INC. AND TREVOR ASHLINE,<br><br>      **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court in connection with the Court's consideration of Defendants' Motion for Summary Judgment (Doc. No. 51). In Plaintiff's response to the motion, (Doc. No. 55), she belatedly[1] asks the Court to hold a "Markman hearing" prior to ruling on summary judgment. While the Court will not delay a decision on the pending motion to hold a separate claim construction hearing, it will grant Plaintiff's request to the extent that the parties will be permitted to argue their respective positions on the construction of what appears to be the only claim language at issue - "a member having shoulder portions at least partially positionable on top of at least a portion the shoulders of the driver" (Claim 1 of the '074 Patent) – at the oral argument hearing on the motion for summary judgment. Also, the parties will be permitted to file

---

[1] In the parties' report of their Initial Attorneys' Conference (Doc. No. 37) in February 2020, the parties informed the Court that, "[t]he parties are conferring to create a Joint Stipulated Memorandum of Claim Construction within the next 30 days from this filing, hence, the Discovery Plan for Utility Patent Cases is believed not necessary in light of these efforts. The parties reserve the right to request amendment of the Discovery Plan to include a claims construction hearing should they fail to reach agreement on claim construction." However, since that time the parties have not filed any stipulated memorandum or, until Plaintiff's request in a footnote in her summary judgment motion response, requested a claim construction hearing.

1

short memoranda of no more than three pages stating their proposed construction of this claim language and the grounds for their construction. These memoranda must be filed no later than one week prior to the hearing, which will be set for February 4, 2021. No responses or replies to the memoranda are permitted, as the parties will have the opportunity to respond at the hearing. Finally, the Court will also address at that hearing Plaintiff's recently filed motion to depose Defendants' patent prosecution attorney Gregory Everman or partially strike his affidavit (Doc. Nos. 89, 88-1).[2]

**NOW THEREFORE IT IS ORDERED THAT:**

1. A hearing on Defendants' Motion for Summary Judgment, (Doc. No. 51), related claim construction issues and Plaintiff's motion to depose Gregory Everman or alternatively partially strike his affidavit (Doc. Nos. 89, 88-1) is set for February 4, 2021 at 2:00 p.m. in the United States Courthouse, 401 W Trade St, Charlotte, NC 28202; and

2. The parties are permitted to file on or before January 28, 2021 a memorandum of no more than three pages on the claim construction issues set forth above (with no responses or replies being permitted).

---

[2] While the Court will of course consider Defendants' response and any reply filed with respect to the motion, it appears to the Court that the challenged affidavit is almost entirely directed to the circumstances of Mr. Everman's alleged concurrent representation of Safety Solutions and Simpson Performance Products, which is an issue that was raised in Plaintiff's response brief and would therefore be an appropriate subject for a reply (without any conclusion as to the impact of the allegations in the affidavit as the motion for summary judgment is considered). The remainder of the affidavit (a statement that prior to filing the '532 Application Mr. Everman concluded that Defendant Ashline was the sole inventor and still believes that to be true) is effectively implied in the filing of the '532 Application itself (otherwise Mr. Everman would have presumably not filed the application with Ashline listed as the sole inventor or would have made some effort to correct that representation) and thus will not have any independent effect on the Court's ruling on summary judgment. Whether or not a deposition of Mr. Everman is necessary in the event the case proceeds to trial can be briefly discussed at the summary judgment hearing.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 4, 2021

Kenneth D. Bell
United States District Judge