IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00123-KDB-DCK

| | |
|---|---|
| JULIE WAGNER,<br><br>      Plaintiff,<br><br>      v.<br><br>SIMPSON PERFORMANCE<br>PRODUCTS, INC. AND<br>TREVOR ASHLINE,<br><br>      Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Simpson Performance Products, Inc.'s ("Simpson") Motion to Seal (Doc. No. 104). The Court has carefully considered the motion and Simpson's supporting memoranda and exhibits. On February 5, 2021, the Court entered Summary Judgment in favor of Defendants (Doc. No. 100) on Plaintiff's claims related to her assertion that she should have been named a co-inventor on the '074 Patent at issue in this action. Defendants then filed a motion for attorneys' fees on February 19, 2021, seeking attorneys' fees against the individual plaintiff, Julie Wagner, pursuant to 35 U.S.C. § 285. Together with this motion, Simpson filed an "unopposed" motion to seal from public view the supporting documents which specify the calculation and total amount of attorneys' fees requested (which is not stated in Simpson's motion). For the reasons discussed below, the Court will **DENY** the motion and give Simpson the opportunity to either withdraw the motion or file it together with all the supporting documents only in unredacted form.

1

In its motion, Simpson requests the sealing of its Memorandum in Support of its Motion for Attorneys' Fees; the declaration of Defendants' counsel, Craig N. Killen, with a schedule of fees incurred by Defendants in the defense of this matter; and the declaration of Lance A. Lawson in support of Simpson's motion on the asserted grounds that the documents contain "confidential and sensitive financial information regarding attorney hourly rates and other information which is confidential, business-sensitive information protected by the Protective Order entered in this matter."

The right of access to judicial records pursuant to common law is well-established. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right extends to the inspection and the copying of court records and documents, *see Nixon*, 435 U.S. at 597, but it is not absolute. *See Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 598 (1982). In general, the public has a right of access to judicial proceedings that stems from two sources: the common law and the First Amendment. *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988); *see also Press–Enterprise Co. v. Superior Court of Cal.,* 464 U.S. 501, 508–09 (1984) (discussing the importance of an open trial as a means of both ensuring and giving the appearance of fairness in the judicial process). Under the more rigorous First Amendment standard, "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.; see also Press–Enterprise Co.,* 464 U.S. at 509 ("The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."); *Globe Newspaper,* 457 U.S. at 606–07 ("[I]t must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.").

More specifically, the First Amendment right of access applies to documents submitted in support of summary judgment motions in civil cases. *See Rushford*, 846 F.2d at 252 (applying the First Amendment right of access standard to summary judgment filings and noting "summary judgment adjudicates substantive rights and serves as a substitute for a trial"); *see also, e.g., Painter v. Doe*, No. 3:15-CV-369-MOC-DCK, 2016 WL 3766466, at *3 (W.D.N.C. July 13, 2016) ("When a judicial document or record sought to be sealed is filed in connection with a dispositive motion, the public's right of access to the document in question arises under the First Amendment.") (citing *Rushford,* 846 F.2d at 253); *Rosenfeld v. Montgomery Cty. Pub. Sch.*, 25 F. App'x 123, 127 (4th Cir. 2001) (reversing and remanding case for application of the *Rushford* procedure to the sealing of summary judgment filings). Accordingly, "a party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden." *Jennings v. Univ. of N. Carolina at Chapel Hill*, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004). This standard similarly applies to a motion seeking attorneys' fees in connection with a motion for summary judgment, which is itself a dispositive motion seeking a monetary judgment against another party.

Again, to limit access to documents submitted in connection with a dispositive motion, the party seeking to seal the documents must make a showing "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253. However, courts have recognized that in certain circumstances, "private interests might also implicate higher values sufficient to override (or, in an alternative mode of analysis, to except the proceeding or materials at issue from) the First Amendment presumption of public access." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 580 (E.D. Va. 2009); *see also Morris v. Cumberland Cty. Hosp. Sys.,*

3

Case 5:18-cv-00123-KDB-DCK   Document 107   Filed 02/24/21   Page 3 of 7

*Inc.,* No. 5:12-CV-629-F, 2013 WL 6116861, at *3 (E.D.N.C. Nov. 13, 2013) ("In the past, this court and others have concluded that the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances.").

Simpson makes only a minimal effort to support its motion,[1] arguing in a conclusory manner that "presumption of access" is "rebutted [by] countervailing interests heavily outweigh[ing] the public interests in access" and "public access to these documents would not 'enhance the public's understanding of [any] important historical event.'" As discussed below, the Court finds that Simpson has failed to make a compelling showing of a governmental interest in sealing the documents for several reasons.

First, and most fundamentally, Simpson asks the Court to seal the amount of attorneys' fees being requested - *the very substance of the relief that it is seeking from the Court* – along with how it calculated the fees (counsel's hourly rates and the time expended during their representation). Thus, the effect of a request to seal this information is tantamount to a request to issue a secret order, as the Court could not even grant much less fully discuss the merits of Simpson's request without disclosing the amount of fees requested along with counsel's hourly fees, etc.[2] As noted above, except in very limited circumstances, the Court's business must be conducted openly, with public access guaranteed to instill confidence in the fairness of the proceedings and inform the public about the law. Accordingly, by choosing to seek attorneys' fees

---

[1] The two cases from this Court cited by Simpson are wholly unpersuasive as neither decision in any way addresses the merits of the motion to seal beyond simply granting the relief sought as a routine matter.

[2] And, if this is not Simpson's intent, then sealing the filings is completely ineffective in preventing disclosure of the information.

4

in an open court, Simpson must necessarily disclose the amount of the award it seeks and the underlying basis for its fees.

Next, Simpson's characterization of its "attorney hourly rates" as "confidential" is wholly unsupported by the record. Neither Simpson nor its counsel has made a showing that counsel offered their hourly rates to Simpson only under a non-disclosure agreement or some other legal promise of confidentiality.[3] Further, Simpson represents that the hourly rates set forth in Exhibit E [the rates it seeks to seal] are the "ordinary and customary rates" that its counsel Nelson Mullins charges in its patent litigation matters.[4] And, to be accepted by the Court, the rates have to be reasonable *in comparison to rates charged in the community*, which means almost by definition that they are not likely to be "confidential" nor would confidentiality even be important (absent special circumstances not argued here). Thus, the Court cannot accept Simpson's argument that its attorneys' hourly rates are "confidential."

Simpson's assertion that the information is "protected by the Protective Order" is also incorrect. First, the scope of the Protective Order only includes the parties' "discovery" materials, *see* Doc. No. 41 at 1, which plainly does not include *counsel's* hourly rates and the other allegedly "confidential" information in the documents sought to be sealed. Further, with respect to documents being filed with the Court, the Protective Order expressly states, "[t]he Parties understand that Documents may be filed under seal only with the permission of the court after

---

[3] Indeed, in the Court's experience such an agreement would be exceedingly rare (and even if such an agreement did exist it would likely contain a provision allowing the attorneys' hourly rate to be disclosed in the context of a court filing). Otherwise, as discussed above, the client would not be able to seek reimbursement of the fees in appropriate circumstances.

[4] It is not entirely clear from Simpson's memorandum whether counsel's hourly rates for Simpson are different than those charged to other clients. However, even if counsel chooses (or must agree to get the engagement) to bill its clients at separately negotiated hourly rates for the same lawyers that does not support a finding that the rates can be kept from public view in the context of a motion seeking attorneys' fees.

5

proper motion pursuant to Local Civil Rule 6.1." Indeed, "courts in the Fourth Circuit have made it clear that the mere fact that a document was subject to a blanket protective order does not relieve the parties or a court of the obligation to comply with the Fourth Circuit's otherwise applicable sealing regimen." *Colony Ins. Co. v. Peterson*, No. 1:10CV581, 2012 WL 1047089, at *2 (M.D.N.C. Mar. 28, 2012); *see also Hall v. United Air Lines, Inc.,* 296 F. Supp. 2d 652, 679–80 (E.D.N.C. 2003) (ordering unsealing of documents filed under seal pursuant to protective order unless parties filed "a brief complying with the Fourth Circuit's mandate, demonstrating the necessity and propriety of sealing information" and observing that, in entering protective order prospectively authorizing sealed filings, "magistrate judge did not review the motion in accordance with the mandatory procedure outlined by the Fourth Circuit in *Stone* " (internal brackets, ellipses, and quotation marks omitted)); *Syngenta Crop Prot., Inc. v. U.S. E.P.A.*, No. 1:02CV00334, 2011 WL 3472635, at *16 (M.D.N.C. Aug. 9, 2011) (concluding that the proponent of sealing did not make "a sufficient showing that its interests override the public right of access under either the common law or First Amendment doctrines of public access"); *Estate of Martin Luther King, Jr., Inc. v. CBS, Inc*., 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002) ("[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'"). Thus, the Protective Order provides Simpson no sanctuary for its efforts to seal information related to its attorneys' fees motion.

In sum, once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case. Thus, even when, as in this case, the motion to seal is presented without any challenge from the litigants, the judge remains "the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request

6

to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record.'" *Id*. at 1363 (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co*., 178 F.3d 943, 945 (7th Cir. 1999)). Having performed that duty, the Court finds that Simpson's motion to seal the documents supporting its motion for attorneys' fees must be denied. However, to avoid any surprise to Simpson or its counsel, the Court will allow Simpson to either withdraw the motion for attorneys' fees or refile the motion and supporting documents in unredacted form.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Defendants' Motion to Seal (Doc. No. 104) is **DENIED**. Simpson is directed to either withdraw the Motion for Attorneys' Fees (Doc. No. 105) or refile it along with its supporting documents without redaction.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 23, 2021

Kenneth D. Bell
United States District Judge