IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:18-CV-00123-KDB-DCK

| | |
|---|---|
| JULIE WAGNER,<br><br>  Plaintiff,<br><br>  v.<br><br>SIMPSON PERFORMANCE<br>PRODUCTS, INC. AND<br>TREVOR ASHLINE,<br><br>  Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Simpson Performance Products, Inc.'s ("Simpson") Motion for Attorneys' Fees (Doc. No. 108). On February 5, 2021, the Court entered Summary Judgment in favor of Defendants (Doc. No. 100) on Plaintiff's claims related to her assertion that she should have been named a co-inventor on the "074 Patent at issue in this action. Defendants then filed a motion for attorneys' fees on February 19, 2021 (refiled on February 24, 2021 following the Court's ruling on Simpson's Motion to Seal (Doc. No. 104)), seeking over $290,000 in attorneys' fees against the individual plaintiff, Julie Wagner, pursuant to 35 U.S.C. § 285.[1] The Court has carefully considered this motion and Simpson's supporting memoranda and exhibits. For the reasons discussed below, the Court will **DENY** the motion so each party will bear their own attorneys' fees.

---

[1] No doubt anticipating the Court's likely reaction to its motion, Simpson notes that it filed its motion with "some reluctance," suggesting that it has "no interest in 'punishing' an individual plaintiff such as Ms. Wagner" (but, of course, then proceeding to argue that the Court should do just that).

1

Section 285 of the Patent Act, 35 U.S.C. § 285, provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court has defined "exceptional" as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is determined on a case- by-case basis by the district court that has discretion to make this decision considering the totality of the circumstances. *Id.*

When considering if a case is "exceptional" courts consider factors such as "frivolousness, motivation, objective unreasonableness of a case's factual or legal components, and the need in particular circumstances to advance considerations of compensation and deterrence." *Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1322 (Fed. Cir. 2017) (citing *Octane Fitness, LLC*, 572 U.S. at 554 n. 6 (2014). Other factors may include untenable positions, continued prosecution of a case in the face of testimony that lacked credibility and veracity, and vexatious conduct. *Falana v. Kent State Univ.*, No. 5:08 CV 720, 2010 WL 5178838, at *16 (N.D. Ohio Dec. 15, 2010), *aff'd in part,* 669 F.3d 1349 (Fed. Cir. 2012). A case presenting "subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness, LLC*, 572 U.S. at 555.

In the exercise of its discretion, the Court does not find this case to be exceptional. While the Court determined that Defendants were fully entitled to summary judgment (and to be clear does not intend by this decision to indicate that it has any uncertainty over that conclusion), Defendants have not shown that Plaintiff pursued her claims frivolously, for an improper purpose or in bad faith. Nor does the Court find there to be a compelling need to compensate Simpson (any

more than other corporate defendants who are successful but still required to bear their own fees under the longstanding "American rule") nor deter genuinely advanced claims such as Plaintiff's. Indeed, to the extent that the case went on longer than might have been prudent in light of the facts revealed in discovery,[2] that course was, according to the representations at oral argument, urged and steered by Plaintiff's counsel rather than Plaintiff, who is a nurse without any legal training. In the absence of truly vexatious litigation conduct – as distinguished from simply trying to make the best of a losing hand (a not infrequent occurrence) – the Court finds that the law, facts and equities dictate that the parties must bear their own attorneys' fees in this matter. Therefore, Simpson's motion for attorneys' fees will be denied.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Defendants' Motion for Attorneys' Fees (Doc. No. 108) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 25, 2021

Kenneth D. Bell
United States District Judge

---

[2] The Court agrees with Simpson that considering the weight of the evidence the case might reasonably have ended earlier. Of course, it may well be true that in hindsight Plaintiff (who paid her own attorneys' fees) feels the same way.